[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10124
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-00300-RBD-TBS


WILLIAM E. PACE,

Plaintiff-Appellant,

versus

MARK S. PETERS,
individually,
EISENMENGER, BERRY & PETERS, P.A.,
BLUE, LLC,
MARTIN GREENE,
jointly and severally,
CITY OF COCOA BEACH,
MARK AMARAL,
individually,
ANTHONY CARAVELLA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 26, 2013)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

William Earl Pace, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil rights complaint against several defendants, alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and state law, for lack of standing.  On appeal, Pace argues that he has suffered an injury in fact for standing purposes and, even if the district court lacked jurisdiction over his federal claims, the court should have remanded the case to state court.  For the reasons set forth below, we affirm in part as to the dismissal of Pace's federal claims and reverse and remand in part with instructions for the district court to remand Pace's state law claims to the state court.

I.

In February 2012, the City of Cocoa Beach ("the City"), Mark Amaral, and Anthony Caravella (collectively "the City defendants") filed a notice of removal in federal court as to a Florida state civil action that was filed against them. Subsequently, the other defendants in the case, including Mark Peters; Eisenmenger, Berry, and Peters, P.A. ("EBP"); Martin Greene; and Blue, LLC, ("the non-City defendants") consented to removal.

Prior to removal, on June 6, 2011, Pace filed his original *pro se* complaint in state court against Peters, EBP, and Blue, LLC, alleging numerous claims of fraud

2

and a civil conspiracy claim.  Subsequently, Pace filed his first amended complaint, adding Greene as a defendant and adding several state law tort claims.  The state court dismissed several of Pace's claims with prejudice and ordered him to file a second amended complaint as to the remaining claims.

On January 9, 2012, Pace filed a second amended complaint against the same defendants.  Pace alleged that the complaint set forth "multiple causes of actions," all of which "directly related to a single dispute" between Pace and Greene involving a land title claim.  Specifically, Pace became involved in a dispute with Greene over the title to an apartment complex in Cocoa Beach.  Greene "cut and pasted" a deed, which claimed to transfer title in the property from Pace to a straw buyer and then, ultimately, to Blue, LLC.  Further, the other defendants received illegally obtained funds from Greene and conspired to violate Pace's constitutional rights and to "commit tortious acts" against him.  Pace further asserted that various defendants were involved in the condemnation and demolition of a property located in Cocoa Beach.

As to his specific causes of action, Pace's second amended complaint asserted 15 separate counts.  In Counts 1, 2, 4, 7, 9, 10, and 12-15, Pace asserted various state law tort claims.  In Count 3, Pace asserted that Greene and Peters conspired to violate his due process and equal protection rights in violation of § 1985(3) by attempting to force him to abandon his legal claims in a Florida court

proceeding.  In Count 5, Pace asserted that Greene and Peters conspired with others to violate his due process and equal protection rights in violation of § 1985(3) by attempting to prevent Pace from raising claims of fraud upon the court in a pending case before a Florida appellate court.  Further, in Count 6, Pace alleged that the City defendants acted under the color of state law to deprive Pace of his property without due process.  In Count 8, Pace alleged that the City, on multiple occasions, violated his constitutional right to be free from unreasonable warrantless searches of his home and property in violation of § 1983.  In Count 11, Pace alleged a "composite cause of action encompassing over 100 incidents of tort and the denial of [his] constitutional rights in violation of []§ 1983."

Also in state court, the parties filed various motions to dismiss, motions to strike pleadings, and motions for a default judgment.  After the case was removed to federal court, on April 11, 2012, the non-City defendants filed an amended motion to dismiss Pace's second amended complaint under Fed.R.Civ.P. 12(b)(6).  Subsequently, Pace filed a motion to strike the motions to dismiss that had been filed on behalf of Blue, LLC, as well as a motion for an extension of time to conduct a case management conference.

On June 13, 2012, the district court ordered the parties to show cause for why the case should not be dismissed for lack of standing.  Specifically, the court noted that, in his second amended complaint, Pace alleged that all of his causes of

4

action related to a single dispute regarding a land title claim.  However, in order to have standing, Pace must have a legal interest in the property in dispute.  The court noted that it appeared that a Florida court had determined that Pace did not have a legal or equitable interest in the property.

In his response to the court's order, Pace asserted that he had standing to bring and maintain this action.  He reasserted that this action "arose through a dispute over a parcel of real property," but he argued that the harm that he suffered went "far beyond the taking of property rights."  Further, he claimed that Greene created and recorded a forged deed that purported to transfer Pace's property rights to L.J. Harding, a straw buyer.  However, through the "wrongful application of procedural law" and fraud upon the court, Pace's property interests had been transferred to Greene.  In Greene's most recent action to enforce the false deed, Case Number 05-2007-CA-024581 (the "state property action"), Pace was initially named as a defendant, but he was later dismissed from the case.  After a trial, the state court entered a judgment, transferring Pace's property rights to Blue, LLC, a sham company created by Greene.  Pace filed the instant action in state court "to correct a fundamental error" and to remedy the damages caused by this fraud upon the court.  In support of his response, Pace submitted deeds related to the transfer of a subdivision in Cocoa Beach ("the property").

5

In their response to the court's order to show cause, the non-City defendants also filed exhibits related to the underlying state property action, including several deeds that were submitted into evidence regarding transfers of the property.

After a hearing before the magistrate judge, the district court ordered the parties to file additional documents. In response, the defendants submitted exhibits showing that, on May 15, 2009, a state trial court issued a final judgment, finding that Blue, LLC was the legal and equitable owner of the property. The judgment quieted title to the property solely in Blue, LLC, and stated that Pace had no legal or equitable ownership in the property. Further, the state court issued a monetary judgment against the defendants, who were listed as "William Pace, a/k/a William E. Pace, a/k/a Earl Pace, a/k/a Earl W. Pace and the Earl H. Pace Irrevocable Trust, William E. Pace, Trustee." On December 3, 2010, the Florida appellate court affirmed the trial court's judgment as to William E. Pace, as trustee of the Earl H. Pace Irrevocable trust, but remanded the case for the trial court to determine whether Pace, individually, was a party to the proceeding.

Pace also submitted various documents from the state property action, including the state trial court's final judgment, dated May 15, 2009, quieting title to the property solely in Blue, LLC. Additionally, Pace submitted the state trial court's order, filed on June 12, 2012, showing that, upon remand, the trial court found that Pace, individually, was not a party to the state property action.

6

On September 14, 2012, the magistrate issued a report and recommendation ("R&R") that the case be dismissed. Specifically, the magistrate found that the record supported at least three alternative grounds for dismissal. As to the first ground for dismissal, Pace lacked standing to bring the action because he did not establish that he has a legal interest in the property. In Pace's complaint, "the crux" of his federal claim is that he had a personal interest in the property that was extinguished by the final judgment in the state property action. However, Pace has not established that the judgment in the state property action deprived him of any legal interest or that it was the cause of some other injury sustained by him. In fact, the evidence showed, and Pace conceded at the hearing, that he was not the original purchaser of the property. Instead, Pace's father, Earl Pace, purchased the property as a joint tenant with David Errico on September 2, 1999. After Earl Pace transferred his interest to "William Pace, Trustee" on December 7, 1999, Earl Pace and Errico executed a quitclaim deed, in February 2000, conveying the property to Harding, who, in turn, transferred the property to Blue, LLC. Moreover, in the state property action, the state court concluded that the deed from Earl Pace and Errico to Harding was not forged and that Blue, LLC was the record owner of the property. Although Pace challenges the validity of the February 2000 deed, he failed to rebut the evidence that any legal interest that he may have had in the

7

property was extinguished on February 12, 2000, when the property was conveyed to Harding.

As to the second ground for dismissal, the magistrate found that, even if Pace had standing, he would be collaterally estopped from challenging the validity of the February 2000 deed because that issue was fully litigated in state court. Next, as to the third ground for dismissal, the magistrate found that Pace failed to state a cause of action or to specify which defendants were subject to which counts. Because the operative complaint was deficient, the magistrate recommended that Pace's motion for a default judgment against Blue, LLC be denied. Additionally, Pace's renewed motion to strike Blue, LLC's responses to the first amended complaint and his motion for an extension of time to conduct a case management conference should be denied. The magistrate also recommended that the district court grant defendants' motions to dismiss the case. Finally, the magistrate recommended that the district court dismiss the case *sua sponte* for lack of standing or, alternatively, based on collateral estoppel.

Pace filed objections to the R&R, arguing that the magistrate misunderstood the factual elements underlying his multiple causes of action and improperly found that the "entire case related only to one deed." Pace's second amended complaint alleged 15 independent causes of action, which were not dependent on the dispute over a forged deed. Moreover, as Pace's complaint was originally filed in state

court, the district court should allow him at least one opportunity to comply with federal rules. Finally, to the extent that the district court lacks subject matter jurisdiction over Pace's state law claims, the proper remedy would be to remand this case to the state court.

On December 5, 2012, the district court conducted a *de novo* review of the record, including Pace's objections, and adopted the R&R in part as to the issue of standing. Specifically, the court found that Pace had not suffered an injury in fact as to his federal claims, which would provide the court with subject matter jurisdiction, because he failed to demonstrate any legal interest in the property or that his due process or equal protection rights were violated. The court adopted the magistrate's analysis and conclusions regarding the issue of standing, but declined to adopt the remainder of the R&R. As such, the court overruled Pace's objections, dismissed the second amended complaint with prejudice, and denied all pending motions as moot.

## II.

We review issues of standing *de novo*. *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008). The party invoking federal jurisdiction bears the burden of proving the essential elements of standing, although at the pleading stage, general factual allegations of injury may suffice. *Id*. Standing involves both constitutional and prudential elements. *Harris v. Evans*, 20 F.3d

9

1118, 1121 (11th Cir. 1994). In order to satisfy Article III's "case or controversy" requirement, a plaintiff must show that: (1) he has suffered an injury in fact that is concrete and particularized as well as actual or imminent; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000). An "injury-in-fact" requires an invasion of a legally protected interest. *Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011). In addition to these constitutional requirements, prudential standing requires that the plaintiff asserts his own rights and not the rights of others, that federal courts not adjudicate generalized grievances, and that the plaintiff's complaint falls within the zone of interests protected by the statute in question. *Harris*, 20 F.3d at 1121.

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are to be liberally construed. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001). Under the Federal Rules of Civil Procedure, "an amended complaint supersedes the initial complaint and

10

becomes the operative pleading in the case." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). To establish a violation of § 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy (4) resulting in an injury to person or property, or a deprivation of any right or privilege of a citizen of the United States. *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1146-47 (11th Cir. 1996).

Section 1367(a) of Title 28 provides in part that "in any civil action of which the district courts have original jurisdiction," there is supplemental jurisdiction over all other claims arising from the same case or controversy. 28 U.S.C. § 1367(a). Absent a viable federal claim, the district court has discretion to dismiss state law claims. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999). If the court decides to dismiss the state law claims, then those claims should be dismissed without prejudice so that they may be refiled in the appropriate state court. *Id; see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (dismissing state claims without prejudice, where the plaintiffs'

11

federal claims had been dismissed prior to trial).  By contrast, in those cases where an action originated in state court and was later removed to federal court, the federal court should remand the case back to the state court if the court declines to exercise supplemental jurisdiction over the state law claims.  *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir.2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court.").  Indeed, we have stated that "federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction." *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226-27 (11th Cir. 2010); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001).

The district court properly found that Pace lacked standing to bring his federal claims based on § 1983 and § 1985(3).  Pace's second amended complaint asserted that all of his causes of action related to a single property dispute.  Specifically, Pace asserted that Greene falsified a deed to transfer the title to the property from Pace to a straw buyer and then, ultimately, to Blue, LLC.  Pace further alleged that the other defendants conspired with Greene to violate his constitutional rights and that several of the defendants were involved in the

12

condemnation and demolition of the property.  Construing his complaint liberally, Pace's federal claims appear to challenge the state property action in which the state court determined that Blue, LLC was the legal owner of the disputed property.  *See Tannenbaum,* 148 F.3d at 1263.  Specifically, in Counts 3 and 5, Pace asserted that the defendants conspired to violate his due process and equal protection rights in violation of § 1985(3) by attempting to prevent him from pursing his legal rights in a Florida court proceeding.  Further, in Count 6, Pace alleged that the City defendants violated his constitutional rights by condemning and demolishing his property without due process.

Ultimately, Pace appears to assert that the defendants conspired to deprive him of his due process and equal protection rights by demolishing his property and obtaining a fraudulent judgment in the state property action.  However, Pace conceded that the state trial court found that he had no legal interest in the property, and the defendants submitted a copy of the state court's final order quieting title to the property solely in Blue, LLC.  Thus, the district court properly found that Pace failed to allege an injury in fact as to his federal claims because he had not shown that he had any legal interest in the property or that his due process or equal protection rights were violated with respect to the property.  *See Friends of the Earth, Inc.*, 528 U.S. at 180-81, 120 S.Ct. at 704; *Hollywood Mobile Estates, Ltd.*, 641 F.3d at 1265.  Although Pace challenges the validity of the state court's

13

judgment in the underlying property action, such a collateral attack on a state court proceeding fails to state a valid claim under § 1983 or § 1985(3) because it does not involve a constitutional claim. *See Griffin*, 261 F.3d at 1303; *Childree,* 92 F.3d at 1146-47.

Finally, Pace's second amended complaint asserted several state law tort claims, including malicious prosecution, tortious interference in his business affairs, and several claims of intentional infliction of emotional distress. In dismissing the case with prejudice, the district court found that Pace failed to establish an injury in fact as to his federal claims. The district court, however, did not explicitly resolve Pace's state law claims, and, thus, it appears that the court simply declined to exercise supplemental jurisdiction over those claims. Accordingly, because this case was originally filed in state court and removed to federal court under § 1441, the district court should have remanded Pace's state law tort claims to the state court, rather than dismissing them with prejudice. *See Myers*, 592 F.3d at 1226-27.

For the foregoing reasons, we affirm in part as to the dismissal of Pace's federal claims and reverse and remand in part with instructions for the district court to remand Pace's state law claims to the state court.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

14